UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. PEAU,<br><br>        Petitioner,<br><br>    v.<br><br>STUART SHERMAN, et al.,<br><br>        Respondents. | Case No. 15-cv-05564-VC  (PR)<br><br>**ORDER VACATING STAY OF DISMISSAL AND DISMISSING CASE WITHOUT PREJUDICE** |

On June 28, 2016, the Court issued an order granting respondents' motion to dismiss for failure to exhaust, but stayed dismissal for twenty-eight days so that Petitioner Michael Peau could provide notice of how he wished to proceed with his petition for a writ of habeas corpus. *See* ECF No. 12.  In the Order, the Court found that the petition, as written, did not contain any exhausted claims.  It provided Peau with three options for proceeding with his unexhausted petition: (1) file an amended petition containing his one exhausted claim of instructional error, dismiss the unexhausted claims and go forward in this action with the one exhausted claim; or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present his newly exhausted claims in a new federal petition; or (3) move for a stay of his petition under *Rhines v. Weber*, 544 U.S. 269 (2005) while he exhausted state court remedies for the unexhausted claims.

The Court allowed Peau twenty-eight days in which to file a notice of which option he chose.  The Court stated that, if Peau did not respond within twenty-eight days, it would assume he was choosing option 2—to dismiss this petition so that he could exhaust all of his claims in state court before returning to federal court with a petition containing only exhausted claims.  In

that case, the Court would dismiss his petition without prejudice.

More than twenty-eight days have passed since the Court issued its Order on June 28, 2016 and Peau has not filed a notice of how he intends to proceed with his petition.  In accordance with the June 28, 2016 Order, the Court assumes Peau has chosen option two. Therefore, the Court vacates the stay of its order granting the motion to dismiss, and dismisses this petition without prejudice.  Peau may file a new federal petition with fully exhausted claims after he exhausts his state court remedies.

The Clerk of the Court shall issue a separate judgment and close this case.

**IT IS SO ORDERED.**

Dated:  August 16, 2016

_____

VINCE CHHABRIA
United States District Judge